**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:18-CR-120-TLS-JEM |
| RENATO SALAZAR-LOPEZ | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Renato Salazar-Lopez's Request for a Bench Trial [ECF No. 64], filed on September 25, 2020. For the reasons set forth below, the Defendant's Motion is denied.

On October 18, 2018, an Indictment was filed charging the Defendant with knowingly and intentionally possessing with the intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). Indictment 1, ECF No. 1. The Defendant's jury trial is currently scheduled for October 19, 2020. July 7, 2020 Order, ECF No. 58.

The Defendant, on September 25, 2020, filed a Request for a Bench Trial [ECF No. 64] in which he "respectfully waives a trial by jury" and requests the Court to "balance Mr. Salazar-Lopez's constitutional right to a speedy trial with the risk of a trial participant [contracting] COVID-19 by holding a bench trial on the Court's previously scheduled trial date of October 19, 2020." Mot. 1, ECF No. 64. On September 28, 2020, the Government filed a Response [ECF No. 64] opposing the Defendant's request.

Rule 23 of the Federal Rules of Criminal Procedure provides that "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Fed. R. Crim. P. 23(a). In this

1

instance, the Government has not consented to a bench trial; therefore, the trial must be by jury. *Id.*; *see also Singer v. United States*, 380 U.S. 24, 36 (1965) ("We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him."); *United States v. Clark*, 943 F.2d 775, 784 (7th Cir. 1991).

  Although the Court, at this time, will deny the Defendant's motion, the Court does not do so lightly. The Court is aware that other district courts have, in light of the ongoing COVID-19 Pandemic, overruled the Government's objection to a bench trial and forced the Government to proceed with a bench trial or agree to postpone the jury trial until a later date. *See United States v. Donoho*, 19-cr-149, 2020 WL 5350429, at *2–3 (W.D. Wis. Sept. 4, 2020); *United States v. Cohn*, 19-CR-097, 2020 WL 5050945, at *7–11 (E.D.N.Y. Aug. 26, 2020). The Court notes that, aside from the obvious concerns regarding the safety of trial participants, proceeding with a jury trial has the potential to create additional logistic and legal issues. For example, the District Court for the District of Colorado expressed concern that, "even if a jury is eventually selected, it would not reflect an adequate cross-section of society because any individual who is at a heightened risk of harm from the virus—or anyone who might live with or frequently associate with such a person—would likely be excused for cause." *United States v. Young*, No. 19-cr-00496, 2020 WL 3963715, at *2 (D. Colo. July 13, 2020); *see also United States v. Fortson*, 2020 WL 4059718, at *3 (M.D. Ala. July 20, 2020). As the parties have indicated that the trial will take more than one day, there also remains concerns that empaneled jurors may have to quarantine themselves before the conclusion of the trial. *See United States v. Coversup*, CR 19-15, 2020 WL 4260519, at *3–4 (D. Mont. July 24, 2020).

For the reasons set forth above, the Court DENIES Defendant Renato Salazar-Lopez's Request for a Bench Trial [ECF No. 64] without prejudice. The parties may raise the issue of a continuance of the jury trial based on the Covid-19 Pandemic at the October 8, 2020 Supplemental Video Pretrial Conference.

SO ORDERED on October 5, 2020.

    s/ Theresa L. Springmann
    JUDGE THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT